UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANITA BINKHOLDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:11CV828 SNLJ |
| ) | (TIA) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Extension of Time and Motion for Appointment of Counsel.  Plaintiff filed a Complaint for Judicial Review of Decision of the Commissioner of Social Security on May 9, 2011.  The case was referred to the undersigned for a report and recommendation on dispositive matters and for rulings on non-dispositive matters pursuant to 28 U.S.C.  § 636(b).

"'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (quoting Edgington v. Missouri Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995)).  When determining whether to appoint counsel for an indigent plaintiff, the Court should consider the factual and legal complexity of the case, the existence of conflicting testimony, and the ability of the indigent person to investigate the facts and present her claim.  Id. (citing Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996)).

Upon review of Plaintiff's Complaint, Defendant's Answer, and the Administrative Transcript, the Court finds that appointment of counsel is not warranted in this case.  First, the facts of this case are not complex.  Plaintiff seeks judicial review of the denial of her application for Disability

Insurance Benefits, claiming that her current impairments entitle her to receive disability benefits and that the Administrative Law Judge ("ALJ") erred in his decision to deny benefits because the medical evidence on some issues pertained to a time before her automobile accident. Further, the undersigned notes that Defendant has submitted the administrative record in this cause, which includes the transcript of the hearing before the ALJ and the medical records upon which the ALJ relied in rendering the decision. In light of this record, the undersigned anticipates no conflicting testimony.

Additionally, review of the administrative record and the Complaint demonstrates that Plaintiff is able to identify her impairments and the impact of those impairments on her ability to work, along with other factors relevant to disability determination. Plaintiff seeks review of an adverse determination by the Social Security Administration, and such review requires this Court to determine "whether the ALJ's decision 'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" Halverson v. Astrue, 600 F.3d 922, 929 (8th Cir. 2010) (quoting Ford v. Astrue, 518 F.3d 979, 981 (8th Cir. 2008)); see also 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). A challenge to such an adverse ruling does not involve overly complex issues of law. Because the factual nature and the legal issues of this case are not complex, the undersigned finds that at this time Plaintiff is able to adequately present her claims to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. #12] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time [Doc. #12] is **GRANTED**. Plaintiff shall file her Brief in Support of Complaint pursuant to Rule 9.02 of the Local Rules of this Court no later than October 17, 2011. The Brief shall set forth the specific bases upon which Plaintiff claims the Commissioner erred in denying Plaintiff's application for disability insurance benefits, along with supporting evidence from the record.

Dated this 16th day of August, 2011.

                                                  /s/ Terry I. Adelman
                                            UNITED STATES MAGISTRATE JUDGE